DAVID R. WRIGHT (Utah State Bar No. 5164; E-Mail: dwright@wnlaw.com)
R. PARRISH FREEMAN (Utah State Bar No.7529; E-Mail: pfreeman@wnlaw.com)
WORKMAN | NYDEGGER
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707

Attorneys for Plaintiff ICON HEALTH & FITNESS, INC.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| ICON HEALTH & FITNESS, INC., a Delaware corporation,<br><br>      Plaintiff,<br>  v.<br><br>MEDICAL PRODUCTIONS, a business, and HOOMAN ZOHOOR, an individual,<br><br>      Defendant. | Civil Action No. 1:10-cv-00207-DN<br><br>**MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF ICON HEALTH & FITNESS, INC.'S MOTION FOR DEFAULT JUDGMENT**<br><br>Judge David Nuffer |

    BEFORE THE COURT is the motion of plaintiff ICON Health & Fitness, Inc. ("ICON" or "Plaintiff") for entry of default judgment pursuant to FED. R. CIV. P. 55(b)(2) against defendants Medical Productions ("Medical Productions") and Hooman Zohoor ("Zohoor") (collectively, "Defendants"). The Court has carefully considered Plaintiff's motion and finds, as explained in the findings of fact and conclusions of law set forth below, that Plaintiff is entitled to entry of a permanent injunction forever enjoining Defendants from using Plaintiff's asserted marks or any colorable variation thereof. The Court therefore ORDERS that Plaintiff's motion should be and hereby is GRANTED in its entirety.

**I.     FINDINGS OF FACT**

1. On December 9, 2010, Plaintiff filed a Complaint against Medical Productions and Zohoor for trademark infringement and unfair competition arising under the Lanham Act (15 U.S.C. § 1051 *et seq.*), and for trademark infringement, unfair competition, and deceptive trade practices arising under the common and statutory laws of the State of Utah.  (Dkt. No. 2.)

2. After requesting and receiving two separate extensions of time in which to serve the Complaint, Plaintiff served the Summons and Complaint on Defendants on January 12, 2012.

3. By April 5, 2012, when Plaintiff filed a motion for entry of default with the Clerk of the Court, Defendants had still not made an appearance or filed an answer.  (Dkt. No. 18.)

4. On April 6, 2012, the Clerk of the Court entered a Default Certificate, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.  (Dkt. No. 19.)

5. Plaintiff is an award-winning innovator in the field of exercise equipment and it markets and sells a variety of consumer products.  (Dkt. No. 2, Complaint, ¶ 17.)

6. Plaintiff came to its position of technological leadership through hard work and substantial investment in research and development.  (*Id.*, ¶ 18.)  As a result of its endeavors, many of the technological innovations created and owned by Plaintiff are protected by a valuable and diverse intellectual property portfolio that includes patents, trademarks, trade dress, and copyrights.  (*Id.*)

7. Several of Plaintiff's successful innovations have been in the design and development of treadmills, elliptical machines, exercise bikes, weight benches, strength training equipment, and other fitness-related equipment, devices, and services that Plaintiff markets in connection with the trademarks "I FIT" or "IFIT.COM."  (*Id.*, ¶ 19.)

8. Plaintiff owns several federally registered trademarks including United States Trademark Registration No. 2,466,474 ("'474 Registration") and United States Trademark Registration No. 2,618,509 ("'509 Registration"). These trademarks are hereafter referred to collectively as the "IFIT Trademarks." (*Id*., ¶ 20.)

9. Plaintiff has developed recognition and goodwill for the products sold under the IFIT Trademarks, among both Plaintiff's immediate customers and the consuming public, generally. (*Id*., ¶ 22.)

10. As a result of, *inter alia*, Plaintiff's substantial investment in the IFIT Trademarks and the products marketed under those trademarks, the consuming public recognizes the IFIT Trademarks and associates products with those marks with a single source, namely Plaintiff. (*Id*., ¶ 23.)

11. Defendants sell and offer for sale within the United States software applications that compete with Plaintiff, including iOS software applications known as "iFitness" and "iFitness HD" and BlackBerry-compatible mobile-phone software known as "iFitness" (collectively, "iFitness Software"). (*Id*., ¶ 25.)

12. Defendants use the name IFITNESS in connection with the sale, offering for sale, distribution, or advertising of, *inter alia*, the iFitness Software. (*Id*., ¶ 30.)

13. Defendants have sold IFITNESS-branded iFitness Software under the throughout the United States including within the State of Utah. (*Id*., ¶ 26.)

14. Defendants' IFITNESS-branded iFitness Software has also been advertised or marketed under the name IFITNESS through nationally available publications including, but not limited to, The New York Times, Washington Post, and ABC News. (*Id*. ¶ 27.)

3

15. The IFITNESS mark is confusingly similar to the IFIT Trademarks. (*Id.*, ¶ 28.)

16. Defendants' use of the IFITNESS mark in its product promotion and advertising constitutes use in commerce of a colorable imitation of the IFIT Trademarks. (*Id.*, ¶ 31.)

17. The IFITNESS mark and the IFIT Trademarks share similar sight and sound characteristics as well as a similarity of meaning. Defendants' use of IFITNESS in connection with fitness-related software is deceptively and confusingly similar the IFIT Trademarks that Plaintiff uses to market its cardio, strength, and other fitness-related equipment, devices, and services. (*Id.*, ¶ 32.)

18. Defendants' offer software applications marked with the IFITNESS mark that have been, and will continue to be, distributed and sold in the same types of channels and to the same classes of purchasers as Plaintiff's goods and services sold under the IFIT Trademarks. (*Id.*, ¶ 33.)

19. Defendants' use of the IFITNESS mark is likely to cause confusion, mistake, or deception in the minds of the public as to the source of Defendants' products and/or their affiliation with Plaintiff. (*Id.*, ¶ 34.)

20. Defendants have been aware of Plaintiff and the IFIT Trademarks at least as early as November 18, 2010. (*Id.*, ¶ 29.)

21. Defendants' trademark infringement constitutes a willful violation of Plaintiff's trademark rights. (*Id.*, ¶ 35.)

II. **CONCLUSIONS OF LAW**

1. In determining whether a default judgment is appropriate "the court [must] consider whether the unchallenged facts constitute a legitimate cause of action. . . . There must

be a sufficient basis in the pleadings for the judgment entered." *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2012) (quotation marks omitted); *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

2. Plaintiff set forth in its Complaint all facts necessary to establish both its trademark rights and the Defendants' liability for infringing them. By failing to answer the Complaint, Defendants conceded the factual allegations stated in the Complaint. *See Nishimatsu Const.*, 515 F.2d at 1206 ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established."); *see also U.S. v. Craighead*, 176 Fed. Appx. 992, 924-25 (10th Cir. 2006).

3. "Trademark infringement is a type of unfair competition; the two claims have virtually identical elements and are properly addressed together as an action brought under [the Lanham Act]." *Utah Lighthouse Ministry v. Foundation for Apologetic Info. & Res.*, 527 F.3d 1045, 1049 (10th Cir. 2008). Therefore, in order to establish claims for trademark infringement and unfair competition, the Plaintiff must demonstrate (1) protectability; (2) that defendants used the subject mark in commerce; and (3) that the infringing use of the mark is likely to cause confusion, mistake, or deceive consumers as to the affiliation, connection or association of the mark. *Id.* The same requirements and factual allegations in the Complaint are necessary for liability under Utah law. Utah Code Ann. § 70-3a-402.

4. Under the Lanham Act, there is a statutory presumption of protectability when the mark is registered. 15 U.S.C. § 1115(a) ("Any registration issued…shall be admissible in

evidence and shall be *prima facie* evidence of the validity of the registered mark…"); *see also Utah Lighthouse*, 527 F.3d at 1050.

5. Both of the trademarks being infringed by Defendants have been, and were at the time of the filing of the Complaint, registered with the United States Patent and Trademark Office. (*See* Dkt. No. 2, Complaint, ¶ 20.) Because both trademarks were properly registered at the time the Complaint was filed, this element of infringement is sufficiently pled and established by the facts alleged in the Complaint.

6. Plaintiff's '474 Registration and '509 Registration are incontestable.

7. "To invoke the protection so the Lanham Act, a plaintiff must show that the alleged infringer used the plaintiff's mark 'in connection with any goods or services.'" *Utah Lighthouse*, 527 F.3d at 1052. In the case at bar, Defendants have marketed and sold smart phone software applications under the marks "IFITNESS" and "IFITNESS HD". (Dkt. No. 2, Complaint, ¶ 25.) The software offered and sold by Defendants is a commercial product, thus satisfying the "commercial use" requirement of trademark infringement.

8. The third requirement in proving a *prima facie* case of trademark infringement and unfair competition under the Lanham Act is demonstrating that the defendants' use of the infringing mark is likely to cause confusion with consumer in regards to the product or service. The burden is on the plaintiff to prove such likelihood. *Utah Lighthouse*, 527 F.3d at 1055. Further, "[t]hough likelihood of confusion is a question of fact, it is amenable to summary judgment in that '[c]ourts retain an important authority to monitor the outer limits of substantial similarity within which a jury is permitted to make the factual determination whether there is likelihood of confusion.'" *Id.* (*citing Universal Money Ctrs v. AT&T*, 22 F.3d 1527, 1530 n.2

(10th Cir. 1994)).  Similarly, a court is permitted to determine these outer limits of whether confusion exists in order to appropriately enter default judgment against a defendant.

9. In determining these outer limits, a court typically considers six-factors: "(1) the degree of similarity between the marks; (2) the intent of the alleged infringer in using the mark; (3) evidence of actual confusion; (4) similarity of products and manner of marketing; (5) the degree of care likely to be exercised by purchasers; and (6) the strength or weakness of the marks." *Id*. (*citing Sally Beauty Co., Inc. v. Beautyco, Inc.*, 304 F.3d 964 (10th Cir. 2002). However, "[n]o one factor is dispositive" and a "'determination of likelihood of confusion must be based on consideration of *all* relevant factors.'"  *John Allan Co.* 540 F.3d at 1138 (10th Cir. 2008) (emphasis in original) (*citing Heartsprings, Inc. v. Heartspring, Inc.*, 143 F.3d 550, 554 (10th Cir. 1998)).

10. In evaluating the six factors in light of the facts of this case it is clear that Defendants' use of the "IFITNESS" mark is likely to cause confusion among consumers.  First, the marks being used by Defendants are substantially similar to the registered I FIT and IFIT.COM trademarks of Plaintiff.  The marks also share similar sight and sound characteristics as well as a similarity of meaning.  Second, it is Plaintiff's belief and understanding that Defendants knew of Plaintiff's registered I FIT and IFIT.COM trademarks at least as early as November, 2010.  (*See* Dkt. No. 2, Compl., ¶ 29.)  However, Defendants continued to use the IFITNESS and IFITNESS HD marks in connection with their fitness-related software, evidencing their intentional, deliberate, and willful intent to use confusing marks.  Third, Defendants use of their marks is in connection with fitness-related software, while Plaintiff uses its registered I FIT and IFIT.COM trademarks in connection with fitness and personal training

software programs that either come pre-loaded on exercise devices made by Plaintiff, or are downloadable thereto from either the Internet or external SD memory cards.  Indeed one of the means Plaintiff uses for delivering its I FIT under the I FIT mark technology is a smart phone application, just like the Defendants.  Thus very similar, if not identical, goods and services are marketed and sold under the marks at issue.  Further, inasmuch as Defendants and Plaintiff both provide exercise software under the marks at issue for download over the Internet, their goods and services are distributed and sold in the same types of channels and to the same classes of purchasers.

      11.     As stated above, Plaintiff served a Summons and Complaint on Defendants on January 12, 2012.  Defendants have since failed to appear, answer or otherwise respond to the Complaint.  Accordingly, the Clerk of the Court entered a Default Certificate against Defendants on April 6, 2012. (Dkt. No. 19.)  While default judgments may generally be disfavored, "a workable system of justice requires that litigants not be free to appear at their pleasure.  We therefore must hold parties…to a reasonably high standard of diligence in observing the courts' rules of procedure."  *Cessna Fin. Corp. v. Bielenber Masonry Cont. Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983).  Further, under the Lanham Act, a court "has the 'power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent . . . a violation [of the Act].'" *John Allan Co. v. Craig Allen Co. L.L.C.*, 540 F.3d 1133, 1142 (10th Cir. 2008) (*quoting* 15 U.S.C. § 1116(a)); *see also Breaking the Chain Foundation, Inv. V. Capitol Educational Support, Inc.*, 589 F. Supp. 2d 25, 30 (D.D.C. 2008) (granting default judgment for injunctive relief in order to protect trademark of plaintiffs).  Moreover, "[t]he court should grant injunctive relief if a plaintiff shows that (1) it has suffered an

irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardships between the plaintiff and defendant, the balance favors the plaintiff and an equitable remedy is warranted; and (4) the public interest would not be disserved by a permanent injunction." *K-TEC v. Vita-Mix*, 765 F. Supp. 2d 1304, 1317 (D. Utah 2011) (*citing eBay, Inv. V. MercExchange LLC*, 547 U.S. 388, 391 (2006)).

12. In this case, injunctive relief is the most appropriate remedy for Plaintiff and is necessary to prevent further harm to either Plaintiff's reputation or business relations.

13. "The court considers both past and future harm to market share, revenues, and brand recognition to determine whether the patentee has suffered an irreparable injuring warranting injunctive relief." *K-TEC*, 765 F. Supp. 2d at 1318. Further, once a plaintiff has demonstrated a likelihood of confusion, irreparable injury is presumed. *Marker Intern. v. deBruler*, 635 F. Supp. 986, 998 (D. Utah 1986); *see also Hanley-Wood LLC v. Hanley Wood LLC*, 783 F. Supp. 2d 147, 151 (D.D.C. 2011) (granting injunctive relief on a default judgment and stating, "Generally, trademark infringement, by its very nature, carries a presumption of harm.").

14. The irreparable harm that has been and will continue to be suffered by Plaintiff is the diminution in the value of its marks and the effect that such diminution has on Plaintiff's business and sales. In *K-TEC*, the court found that price erosion and brand dilution were sufficient injuries to constitute irreparable harm by an infringing direct competitor. In the present case, Plaintiff markets, sells, and distributes several fitness-related products and software programs using the appropriately registered trademarks, I FIT and IFIT.COM. Continued use of

the confusingly similar IFITNESS and IFITNESS HD marks by Defendants, and in the same market as Plaintiff, will only continue dilute and diminish the Plaintiff's I FIT and IFIT.COM marks.

15.     Under the Lanham Act, a court is given the power to grant injunctive relief "according to the principles of equity . . . to prevent the violation of any right of the registrant of a mark…" 15 U.S.C. § 1116(a).  Further, injunctive relief is the surest and most meaningful way to protect a registrant's trademark.  *See Maker's Mark Distillery, Inc. v. Diageo North America, Inc.*, 703 F. Supp. 2d 671, 701 (W.D. Ky. 2010) (holding that equity supported injunctive relief in order to adequately protect plaintiff's trademark) (*citing Audi AG v. D'Amato*, 469 F.3d 534, 550 (6th Cir. 2006) ("'[i]njunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by the defendant's continuing infringement.'"); *see also Beacon Mut. Ins. Co. v. OneBeacon Ins. Corp.*, 376 F. Supp. 2d 251, 266 (D.R.I. 2005) (concluding that "the only practical remedy that can meaningfully protect [plaintiff's] mark is an injunction prohibiting [defendant] from using the [trademark].")).

16.     Similarly, the only appropriate and adequate manner in which to protect Plaintiff's trademark and, in essence, its business relations with its consumers, is to enjoin Defendants from using the confusing and infringing trademark.

17.     "Once intentional infringement has been found in a trademark case, the harm which the issuance of a preliminary injunction would cause the trademark violator warrants little consideration." *Delta Western Group, L.L.C. v. Ruth U. Fertel, Inc.*, No. 2:00–CV–0045C, 2000 WL 33710852, at *8 (D. Utah Sept. 28, 2000).  Because Defendants have failed to appear,

answer or defend the Complaint against them, they have conceded to the factual allegations in the Complaint. *See Nishimatsu Const.*, 515 F.2d at 1206. One of these allegations was that "Medical Productions and Zohoor have been aware of Plaintiff and the IFIT Trademarks at least as early as November 18, 2010." (Dkt. No. 2, Complaint, ¶ 29.)

18. Therefore Defendants have admitted to willfully, deliberately, and intentionally using a substantially similar mark to confuse consumers and create business for themselves. The reliance on Plaintiff's already registered and marketed trademarks allows Defendants to reap the benefits of Plaintiff's ingenuity. This type of unfair and unjust business practice is exactly what both the Lanham Act and injunctive relief are designed to curtail, and any hardship that may be felt by Defendants "warrants little consideration." *Delta Western Group*, 2000 WL 33710852, at *8. Therefore, this factor weighs in favor of Plaintiff.

19. "Utah has a significant interest in resolving a dispute regarding a trademark used by a Utah company," and "that Utah company has a significant interest in receiving convenient and effective relief." *System Designs, Inc. v. New Customware Co., Inc.*, 248 F. Supp. 2d 1093, 1104 (D. Utah 2003). Further, "protecting the rights of the owner of a registered trademark is consistent with the public interest because trademarks foster competition and promote the maintenance of quality in business." *Delta Western Group*, 2000 WL 33710852, at *8. Plaintiff's proposed injunction merely protects its trademark, and is directly aligned with public policy interests, thus tipping this factor in favor of Plaintiff.

20. Plaintiff properly filed and served a Complaint and Summons on Defendants Medical Productions and Hooman Zooher. Defendants failed to timely file a response to the Complaint, causing Plaintiff to seek and execute subsequent measures. Plaintiff has

appropriately and timely followed the necessary steps in obtaining a default against Defendants, and now respectfully requests that this Court enter a default judgment in the manner of a permanent injunction, as prayed for in the original Complaint.

**ORDER**

Accordingly,

IT IS HEREBY ORDERED that Plaintiff Icon Health & Fitness, Inc.'s Motion for Default Judgment (docket no. 21) is GRANTED.

IT IS FURTHER ORDERED that Defendants, their principals, agents, and servants, and any and all parties acting in concert with any of them, are hereby enjoined

  a. from directly or indirectly infringing in any manner Plaintiff's '474 Registration and '509 Registration in connection with products or otherwise, including the iFitness Software, pursuant to at least Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a);

  b. from engaging in deceptive trade practices, pursuant to at least Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a), and Utah Code Ann. § 13-11a-4(2)(a); and

  c. from producing, manufacturing, marketing, advertising, promoting, offering for sale, selling, or distributing products, including the iFitness Software pursuant to at least Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a) and Utah Code Ann. § 13-11a-4(2)(a).

IT IS FURTHER ORDERED that the clerk of the court close this case.

Dated September 11, 2012.

BY THE COURT:

_____
David Nuffer
United States District Judge